*Judge Berman*

81-06/MEU

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff QATAR SHIPPING CO. Q.S.C.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

06 CV 1241

Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
QATAR SHIPPING CO. Q.S.C.,                 06 CIV _____ ( )

        Plaintiff,                  **VERIFIED COMPLAINT**

        v.

TOTALMAR NAVIGATION CORP.,

        Defendants.
------------------------------------------------------x

      Plaintiff QATAR SHIPPING CO. Q.S.C. (hereinafter "QATAR") through its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant TOTALMAR NAVIGATION CORP. (hereinafter "TOTALMAR"), alleges upon information and belief as follows:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract for the charter of a vessel. The case also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Arbitration Act, 9 U.S.C. §1 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

NYDOCS1/255004.1

2.  At all times relevant hereto, Plaintiff QATAR was and still is a foreign business entity organized under the laws of Qatar with an address of 3rd Floor HSBC Building, 810 Abdulla Bin Jassim Street. P.O. Box 22180, Doha Qatar.

3.  At all times relevant hereto, Plaintiff QATAR was and still is the owner of the M/T JINAN.

4.  At all times relevant hereto, Defendant TOTALMAR was and still is a foreign business entity organized and existing under the laws of Panama with an office at Avda Francisco de Miranda, Centro Plaza, Piso 18, Oficina F, Los Palos Grandes, Caracas, Venezuela.

5.  On or about January 20, 2005, Plaintiff QATAR, as owner of the M/T JINAN ("the Vessel") entered into a maritime contract of charter party on an amended Asbantankvoy voyage charter form with Defendant TOTALMAR in which QATAR agreed to load a cargo of various petroleum products from Puerto la Cruz, Venezuela to discharge port, Corpus Christi.

6.  In full compliance with it's obligations under the charter party QATAR tendered the vessel for loading on or about January 31, 2006 in order for TOTALMAR to conduct loading operations.

7.  In breach of the charter party, TOTALMAR refused or neglected to conduct loading operations.

8.  On or about February 9, and in repudiatory breach of it's obligations under the charter party, TOTALMAR informed QATAR that it was canceling the charter party and offered to remit to QATAR in the sum of $248,088.75 in compensation for the delay at the load port.

9.  Reserving all rights as to additional damages, if any, under the charter party as a consequence of TOTALMAR's repudiatory breach, QATAR accepted TOTALMAR's offer to pay $248,088.75.

10.     Notwithstanding the agreement reached between the parties, TOTALMAR continues to fail, refuse, or neglect to pay demurrage in the sum of $248,088.75.

11.     The charter party provides that all disputes between QATAR and TOTALMAR are to be resolved by arbitration in London in accordance with English law. Plaintiff specifically reserves its right to arbitrate the substantive matters at issue herein.

12.     Under English law, including Section 63 of the English Arbitration Act of 1996 and the laws of the United Kingdom, recoverable costs including attorneys' fees, arbitrators fees, disbursements and interest are recoverable. Attorneys' fees, arbitrators fees, disbursements and interest are presently estimated to be $100,000 for the two years which it is expected to take to obtain an arbitration award in favor of QATAR.

13.     Upon information and belief, and after investigation, Defendant TOTALMAR cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant TOTALMAR (hereinafter, "ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from American Express Bank, Citibank, JP Morgan Chase, Wachovia, Bank of America, Bank of New York, HSBC Bank, Standard Chartered, Deutsche Bank, or others whose identities may become known to QATAR's attorneys in the near future.

14.     The total amount sought by QATAR to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by Plaintiff QATAR against TOTALMAR includes:

    a. Demurrage agreed to be paid in the amount of $248,088.75 ;

    b. Interest on the above sum at the rate of 6% per annum for two years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable in arbitration, estimated to be $ 31,381.42;

    c. Estimated costs, including legal fees, of London arbitration, which are recoverable, in the amount of $100,000;

For a total claim of **$ 378,470.17**.

    WHEREFORE, QATAR prays:

    a. That process in due form of law according to the practice of this Court may issue against Defendant TOTALMAR, citing it to appear and answer the foregoing, failing which a default will be taken against them for the principal amount of the claim of $ 248,088.75 plus interest, costs and attorneys fees;

    b. That if Defendant TOTALMAR cannot be found within this District pursuant to Supplemental Rule B, that all tangible and intangible property of Defendant TOTALMAR up to and including the claim of **$379,470.17** be restrained and attached, including, but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or being transferred from or for the benefit of Defendant TOTALMAR held by or moving through American Express Bank, Citibank, JP Morgan Chase, Wachovia, Bank of America, Bank of New York, HSBC Bank, Standard Chartered, Deutsche Bank, and/or any

other garnishee(s) which may subsequently be identified and upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served; and

c.  That Defendant TOTALMAR be ordered to arbitrate the dispute pursuant to the charter party; and

d.  That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       February 16, 2006

                              FREEHILL HOGAN & MAHAR, LLP
                              Attorneys for Plaintiff
                              QATAR SHIPPING CO. Q.S.C.

By: _____
      Michael E. Unger (MU0045)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

Michael E. Unger, being duly sworn, deposes and says as follows:

1. I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff, QATAR in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our clients and documents provided by our clients regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
16th day of February 2006

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2008