NOURSE & BOWLES, LLP
Attorneys for Defendant
TOTALMAR NAVIGATION CORP.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
QATAR SHIPPING CO. Q.S.C.                             :
                                                      :
                    Plaintiff,                        :   06 CIV 1241 (RMB)
                                                      :
    - against -                                       :
                                                      :   **ANSWER TO**
                                                      :   **VERIFIED COMPLAINT**
TOTALMAR NAVIGATION CORP.                             :
                                                      :
                    Defendant.                        :
                                                      :
------------------------------------------------------X

Defendant, TOTALMAR NAVIGATION CORP. (hereinafter "TOTALMAR"), by its attorneys, NOURSE & BOWLES, LLP, answering the Verified Complaint of the Plaintiff herein, alleges upon information and belief as follows:

1.  It admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    It denies the remaining allegations contained in paragraph 1 of the Verified Complaint.

2. It denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Verified Complaint.

3. It denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Verified Complaint.

4. It admits that at and during all the times hereinafter mentioned it was a foreign corporation organized and existing under the laws of a foreign nation with a place of business at Avda Francisco de Miranda, Centro Plaza, Piso 18, Oficina F., Los Palos Grandes, Caracas, Venezuela.

It denies the remaining allegations contained in paragraph 4 of the Verified Complaint.

5. It admits that on or about January 20, 2006, Plaintiff Qatar Shipping Co. Q.S.C. (hereinafter "QATAR"), as Owners, entered into an Asbantankvoy charter party with Defendant TOTALMAR, as Charterer, for the carriage of about 30,000 metric tons of CPP (jet fuel) from Puerto La Cruz, Venezuela to Corpus Christi, Texas (hereinafter "Charter Party").

It denies the remaining allegations contained in paragraph 5 of the Verified Complaint.

6. It admits that on or about January 31, 2006, the vessel's master tendered a notice of readiness.

It denies the remaining allegations contained in paragraph 6 of the Verified Complaint.

7. It denies the allegations contained in paragraph 7 of the Verified Complaint.

8. It admits that on or about February 9, 2006, QATAR and TOTALMAR mutually agreed to cancel the charter party, and that subsequently QATAR agreed to accept payment from TOTALMAR in the amount of $248,088.75 in full and final settlement of all claims under the charter party.

It denies the remaining allegations contained in paragraph 8 of the Verified Complaint.

9. It admits that Qatar accepted Totalmar's offer to pay $248,088.75, but denies the remaining allegations contained in paragraph 9 of the Verified Complaint.

10. It admits that no sum of money has been paid, but denies the remaining allegations contained in paragraph 10 of the Verified Complaint.

11. It admits that the Charter Party provides that any disputes arising out of or in connection with the Charter Party shall be referred to arbitration in London, with English law to apply, in accordance with Clause 12 of TOTALMAR's general terms and conditions incorporated into said Charter Party.

It denies the remaining allegations contained in paragraph 11 of the Verified Complaint.

12. The allegations contained in paragraph 12 of the Verified Complaint contain assertions of law to which no response is necessary. To the extent an answer is required, Defendant TOTALMAR denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Verified Complaint.

13. The allegations contained in paragraph 13 of the Verified Complaint contain assertions of law to which no response is necessary. To the extent an answer is required, Defendant TOTALMAR denies the allegations contained in paragraph 13 of the Verified Complaint.

14. It denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Verified Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Verified Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

On March 3, 2006, QATAR commenced an identical Rule B attachment proceeding against TOTALMAR in the United States District Court for the Southern District of Florida entitled Qatar Shipping Co. Q.S.C. v. Totalmar

Navigation Corp., 06 CIV 20541 (Seitz), in which QATAR attached TOTALMAR's funds in the amount of about $39,000.00 in TOTALMAR's bank account in Miami. TOTALMAR has appeared and filed an Answer in that action, and the matter is still pending. Accordingly, QATAR's suit in New York is duplicative and should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

At all times referred to in the Verified Complaint, there was in effect between QATAR and TOTALMAR the Charter Party referred to herein above. TOTALMAR hereby incorporates the Charter Party by reference as if set forth at length and refers to it for its terms. Pursuant to Clause 12 of TOTALMAR's general terms and conditions, as amended, as incorporated into the terms and conditions of said Charter Party, the Charter Party shall be governed by and construed in accordance with English Law and any dispute arising out of or in connection with the Charter Party shall be referred to arbitration in London to be conducted in accordance with LMAA terms. Plaintiff's claim as set forth in the Verified Complaint is an arbitral dispute within the scope of the arbitration clause contained in the Charter Party, and TOTALMAR hereby reserves the right to demand arbitration of this claim.

## FOURTH AFFIRMATIVE DEFENSE

Defendant TOTALMAR claims the benefit of all provisions of the aforesaid Charter Party between TOTALMAR and QATAR.

WHEREFORE, Defendant TOTALMAR NAVIGATION CORP. demands that the Verified Complaint of Plaintiff QATAR SHIPPING CO. Q.S.C. be dismissed, and that it has such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 17, 2006

                              NOURSE & BOWLES, LLP
                              Attorneys for Defendant
                              TOTALMAR NAVIGATION CORP.

                              By: _____
                                  Michael E. Crowley (MC 7713)
                                  One Exchange Plaza
                                  At 55 Broadway
                                  New York, NY  10006-3030
                                  (212) 952-6200

To: Michael E. Unger (MU 0045)
     Attorneys for Plaintiff
     QATAR SHIPPING CO. Q.S.C.
     Freehill Hogan & Mahar, LLP
     80 Pine Street
     New York, NY  10005
     (212) 425-1900